IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Byron Lavern Gilliard, | ) | Civil Action No. 8:14-cv-01290-RMG-JDA |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for a Report and Recommendation pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., and 28 U.S.C. § 636(b)(1)(B).[1]  Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claim for disability insurance benefits ("DIB").  For the reasons set forth below, it is recommended that the decision of the Commissioner be reversed and remanded for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

On September 16, 2010, Plaintiff filed an application for DIB, alleging an onset of disability date of October 1, 2007.  [R. 113–19.]  The claim was denied initially and on reconsideration by the Social Security Administration ("the Administration").  [R. 44–47.]

---

[1]A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

Plaintiff requested a hearing before an administrative law judge ("ALJ"), and on October 4, 2012, ALJ Ronald Sweeda conducted a de novo hearing on Plaintiff's claim.  [R. 20–43.]

The ALJ issued a decision on November 2, 2012, finding Plaintiff not disabled.  [R. 10–19.]  At Step 1,[2] the ALJ found Plaintiff last met the insured status requirements of the Social Security Act ("the Act") on September 30, 2013, and had not engaged in substantial gainful activity since his alleged onset date of October 1, 2007.  [R. 12, Findings 1 & 2.] At Step 2, the ALJ found Plaintiff had the following severe impairments: a post-traumatic stress disorder, an alcohol abuse disorder, sleep apnea and degenerative disc disease. [R. 12, Finding 3.]  The ALJ also found Plaintiff had the following non-severe[3] impairments: hypertension, gout flares in his right foot, knee pain, mild hearing loss, and depressive disorder.  [R. 12–13.]  At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1.  [R. 13, Finding 4.]  The ALJ specifically considered Listings 3.00 (sleep disorder); 1.04(degenerative disc disease); and 12.06 and 12.09 (mental impairments).  [R. 13–14.]

Before addressing Step 4, Plaintiff's ability to perform his past relevant work ("PRW"), the ALJ found Plaintiff retained the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no overhead

---

[2]The five-step sequential analysis used to evaluate disability claims is discussed in the Applicable Law section, *infra*.

[3]Rather than qualify these impairments as "non-severe," the ALJ described these impairments as not imposing "any significant work-related functional limitations" and/or not representing "a severe impairment at any time relevant to the decision."  [R. 12–13.]

work; no climbing ladders/scaffolds, crawling or kneeling and
no exposure to unprotected heights or dangerous machinery.
The claimant is also limited to simple, repetitive tasks not
involving direct customer service.

[R. 14–18, Finding 5.]  Based on this RFC finding, the ALJ determined at Step 4 that

Plaintiff could not perform his PRW as an electrical assembler, machine operator, or paper

machine operator [R. 18, Finding 6]; but, based on his age, education, work experience,

RFC, and the testimony of a vocational expert, there were jobs that existed in significant

numbers in the national economy that Plaintiff could perform.  [R. 18, Finding 10].  On this

basis, the ALJ found Plaintiff had not been under a disability as defined by the Act from

October 1, 2007, through the date of the decision.  [R. 19, Finding 11.]

Plaintiff requested Appeals Council review of the ALJ's decision, but on February

5, 2014, the Council declined.  [R. 1–4. ] Plaintiff filed this action for judicial review on April

8, 2014.  [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the ALJ's decision is not supported by substantial evidence and

that remand is necessary for the following reasons:

1.    The ALJ failed to consider Plaintiff's impairments in combination, including
      non-severe impairments [Doc. 18 at 10–11];

2.    The ALJ failed to properly evaluate Plaintiff's VA impairment rating[4] and
      explain the weight assigned to this evidence [*id*. at 12–13]; and,

3.    The ALJ failed to properly evaluate Plaintiff's complaints of pain [*id*. at
      13–15].

---

[4]Plaintiff is referring to the Department of Veterans Affairs' decision concerning his
unemployability. [R. 140–56.]

3

The Commissioner, on the other hand, contends the ALJ's decision is supported by substantial evidence and that:

1.    The ALJ properly considered Plaintiff's impairments in combination [Doc. 20 at 10–13];

2.    The ALJ properly considered Plaintiff's VA disability rating in accordance with the Social Security regulations [*id*. at 13–15], and

3.    The ALJ adequately considered Plaintiff's pain complaints [*id*. at 15–17].

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963))("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court.  *Craig v. Chater*, 76

4

F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision).  Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *See Bird v. Comm'r*, 699 F.3d 337, 340 (4th Cir. 2012); *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'"  *Vitek  v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)).  Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose."  *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

5

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation. *See Radford v. Comm'r*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand."). After a remand under sentence four, the court

6

enters a final and immediately appealable judgment and then loses jurisdiction. *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[5] With remand under sentence

---

[5]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Brooks v. Astrue*, No. 6:10-cv-152, 2010 WL 5478648, at *8 (D.S.C. Nov. 23, 2010); *Ashton v. Astrue*, No. TMD 09-1107, 2010 WL 3199345, at *3 (D. Md. Aug. 12, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992). Further, the Supreme

7

six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98. The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability. 42 U.S.C. § 423(a). "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.    The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims). The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the

Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the more stringent *Borders* inquiry.

impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. § 404.1520. Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). The claimant must prove disability on or before the last day of her insured status to receive disability benefits. *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969). If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Grant*, 699 F.2d at 191. If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. § 404.1572(a)—and gainful—done for pay or profit, whether or not a profit is realized, *id.* § 404.1572(b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. *Id.* §§ 404.1574–.1575.

### B.    *Severe Impairment*

9

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See id.* § 404.1521.  When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments.  42 U.S.C. § 423(d)(2)(B).  The ALJ must evaluate a disability claimant as a whole person and not in the abstract, having several hypothetical and isolated illnesses.  *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them").  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *Id.* at 50 ("As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.").  If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B).

**C.**     ***Meets or Equals an Impairment Listed in the Listings of Impairments***

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. § 404.1509, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience.  20 C.F.R. § 404.1520(d).

### D.   *Past Relevant Work*

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant."  *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the claimant's residual functional capacity[6] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work.  20 C.F.R. § 404.1560(b).

### E.   *Other Work*

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992); 20 C.F.R. § 404.1520(f)–(g).  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[7]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *see also Gory v. Schweiker*, 712 F.2d 929,

---

[6]Residual functional capacity is "the most [a claimant] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a).

[7]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs.  20 C.F.R. § 404.1569a(a).  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.* Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  § 404.1569a(c)(1).

930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving exertional limitations).   When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931. In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to perform other work.   20 C.F.R. § 404.1569a;  *see Walker*, 889 F.2d at 49–50 ("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the [Commissioner] to prove by expert vocational testimony that despite the combination of exertional and nonexertional impairments, the claimant retains the ability to perform specific jobs which exist in the national economy.").   The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform."   *Walker*, 889 F.2d at 50.   For the vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments."   *Id.* (citations omitted).

## II.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.  *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).   The ALJ is required to inquire fully into each relevant issue.   *Snyder*, 307 F.2d at 520.   The performance of this duty is particularly important when a claimant appears without counsel.   *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980).   In such circumstances, "the ALJ should scrupulously and conscientiously probe

12

into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal quotations and citations omitted).

### III.     Treating Physicians

If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(c)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, *Craig*, 76 F.3d at 590, but the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion, 20 C.F.R. § 404.1527©. Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. § 404.1527(c)(2). An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986). Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. § 404.1527(d). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id.*

## IV.     Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 404.1517; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986). The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability. 20 C.F.R. § 404.1517. Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. *Id.*

14

## V.     Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis.  *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion).  First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'"  *Id.* (quoting *Craig*, 76 F.3d at 594).  Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain."  *Id.* (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the "pain rule" applicable within the United States Court of Appeals for the Fourth Circuit, it is well established that "subjective complaints of pain and physical discomfort could give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs."  *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987) (citing *Hicks v. Heckler*, 756 F.2d 1022, 1023 (4th Cir. 1985)).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  Indeed, the Fourth Circuit has

15

rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990). The Commissioner thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth Circuit (North Carolina, South Carolina, Maryland, Virginia and West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:
> ...
>
> **FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered. Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990). SSR 90-1p has since been superseded by SSR 96-7p, which is consistent with SSR 90-1p. *See* SSR 96-7p, 61 Fed. Reg. 34,483-01 (July 2, 1996). SSR 96-7p provides, "If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the

16

adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." *Id.* at 34,485; *see also* 20 C.F.R. § 404.1529(c)(1)–(c)(2) (outlining evaluation of pain).

## VI.    Credibility

The ALJ must make a credibility determination based upon all the evidence in the record.  Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria.  *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor.  But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**Consideration of the VA Disability Rating**

Plaintiff asserts that in reaching his decision the ALJ erred by failing to properly consider the VA disability determination that Plaintiff was unable to work due to his service connected disabilities.  He contends the ALJ failed to explain what weight he gave to Plaintiff's VA disability rating, and the Appeals Council erred by affirming the ALJ decision when it should have evaluated the ALJ's decision pursuant to *Bird v. Comm'r*, 699 F.3d 337

(4th Cir. 2012). The Commissioner argues that *Bird* is not controlling in this matter, but even if *Bird* applied, the ALJ appropriately considered Plaintiff's VA disability rating. Upon review, this Court agrees with Plaintiff.

### The VA disability rating

The record reflects that the Department of Veterans Affairs issued a rating decision ("the VA decision") dated September 2, 2010, and effective February 4, 2010, for the Plaintiff finding him unable to work due to his service connected disabilities. [R. 140–56.] Specifically, the VA decision found post-traumatic stress disorder ("PTSD") (50%); sleep apnea (50%); cervical spondylosis (20%); chronic lumbosacral strain (20%); residuals, meniscus tear, right knee (10%); residuals, meniscus tear, left knee (10%); tinnitus (10%); and gout, right foot (0%). [R. 141.] The VA decision explained that Plaintiff's 50% disability rating for PTSD was based on the evidence showing occupational and social impairment with reduced reliability and productivity due to symptoms such as flattened affect; circumstantial and circumlocutory or stereotyped speech; panic attacks more than once a week; difficulty understanding complex commands; impairment of short and long term memory; impaired judgment; impaired abstract thinking; disturbance of motivation and mood; and difficulty establishing and maintaining effective work and social relationships. [R. 149.] The VA decision also explained that the 50% impairment rating for sleep apnea was based on evidence showing that Plaintiff required the use of a CPAP machine. [R. 150.] A 20% impairment rating was assigned to Plaintiff's cervical spondylosis and chronic lumbar strain based on continued evidence of chronic condition causing limitation in flexion of the cervical spine to greater than 15 degrees and limitation in the lumbosacral spine to greater than 30 degrees. [R. 151–52.] The 10% rating in the knees was based on

18

evidence of a chronic condition causing painful and limited motion in both the left and right knees. [R. 153, 155.]

### Discussion

While a VA disability determination is not binding on the Commissioner, it can nevertheless be entitled to substantial weight, and in determining whether a claimant is entitled to DIB, an ALJ should explain the consideration given to a VA disability decision. *Bird v. Comm'r*, 699 F.3d 337, 343–44 (4th Cir. Nov. 9, 2012) ("SSA must give substantial weight to a VA disability rating"); *see also* SSR 06–03P, 2006 WL 2329939, at * 7(SSA) (ALJ "should explain the consideration given to [the VA disability determination] in notice of decision ...").  While the ALJ referenced findings by the VA from March 2012 regarding Plaintiff's complaints of pain in his joints, left shoulder and knees, the only explanation made by the ALJ in his decision regarding his consideration of the VA disability rating was as follows:

> I am aware that the claimant has been awarded disability benefits from the Department of Veterans Affairs due to service-connected conditions (Exhibit 1E); however, I am not bound by that disability determination and must make a decision using the appropriate Social Security laws and regulations. A decision by any other governmental agency about whether an individual is disabled is based on its own rules and is not based on Social Security law. Therefore, a determination made by another agency is not binding on this agency. (20 CFR §§ 404.1504)

[R. 16.]  The ALJ did not discuss in any detail why or how he assigned weight to the VA rating decision that Plaintiff was unable to work; instead, the ALJ simply dismissed the import of the VA decision in a conclusory fashion for being made by another governmental agency and not based on Social Security law.  *Cf. Kowalske v. Astrue*, No. 10–339S, 2012

WL 32967, at *4 (W.D.N.Y. Jan. 6, 2012) (noting that VA determination is itself entitled to at least some evidentiary weight in addition to the other record evidence, and that the adjudicator should explain the consideration given to this decision); *Jamiah v. Astrue*, No. 1:09-1761-AJB, 2010 WL 1997886, at *16 (N.D.Ga. May 27, 2010) (noting the significance of a VA determination, and that the ALJ must state specifically the weight accorded each item of evidence and the reason for his decision).

While Plaintiff correctly points out that the ALJ's November 2, 2012, decision was issued prior to the Fourth Circuit Court of Appeals November 9, 2012, *Bird* decision, where the Court found that the Administration "must give substantial weight to a VA disability rating," the ALJ has always been required to consider all relevant evidence in the record, including medical history, medical signs, laboratory findings, lay evidence, and medical source statements.   *See Bird*, 699 F.3d at 343; *see also* SSR 96–8p, 61 Fed.Reg. 34,474–01, at 34,477 (July 2, 1996).  The ALJ did not do that in this case.  Furthermore, on February 5, 2014, the date the Appeals Council denied Plaintiff's request for review, the Appeals Council should have known about the *Bird* decision and should have remanded Plaintiff's case to the ALJ for a sufficient discussion of the VA disability rating pursuant to *Bird*.  *See, e.g., Meyer v. Astrue*, 662 F. 3d 700, 704 (4th Cir. 2011) (explaining that the Appeals Council may remand the case to the ALJ when there is an error of law).

Of course, under *Bird*, the Commissioner may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.   *See Bird*, 699 F.3d at 344.  In the instant case, the cursory review and discussion of the VA disability rating provided by the ALJ, while perhaps arguably sufficient

before *Bird*, fails to comply with the standard now set by *Bird* that the ALJ must "clearly demonstrate that such a deviation is appropriate." *Id*. Additionally, although it is certainly possible that the ALJ on remand "may give less weight to [the] VA disability rating [if a finding is made that] the record before the ALJ clearly demonstrates that such a deviation is appropriate," that is a finding that must be made by the ALJ, not by this Court in the first instance. *Id.* Accordingly, because the undersigned is unable to conclude whether the ALJ would have reached the same conclusion in light of the new *Bird* standard based on the record before this Court, remand to the Commissioner is recommended. *See Wood v. Colvin*, C/A No. 9:12-3570-MGL, 2014 WL 607707, at *4 (D.S.C. Feb. 18, 2014) (remanding the case so the ALJ could properly discuss the VA disability rating and whether deviation was appropriate under the standard in *Bird*); *Cobbs v. Colvin*, C/A No. 1:12-3472-JMC-SVH, 2014 WL 468928, at *8–9 (D.S.C. Feb. 4, 2014) (remanding for evaluation of the VA ratings in accordance with the *Bird* standard).

**Plaintiff's Remaining Arguments**

Upon remand, the Commissioner should reconsider Plaintiff's impairments in combination and Plaintiff's pain complaints as part of the overall reconsideration of this claim. *See Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763–64 (W.D.Va. 2002) (on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo ).

21

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the decision of the Commissioner be REVERSED and REMANDED for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO RECOMMENDED.


July 15, 2015                              s/Jacquelyn D. Austin
Greenville, South Carolina          United States Magistrate Judge